**Antoinette CZARSKI, Independent Personal Representative of the Estate of Edward Bonk, Jr., deceased, Plaintiff/Counter–Defendant,**

v.

**Barbara C. BONK, Defendant/Counter–Plaintiff.**

No. 95–CV–72122–DT.

United States District Court, E.D. Michigan, Southern Division.

March 7, 1996.

Carl J. Schoeninger, Southfield, MI, for plaintiff.

Albert L. Holtz, Bloomfield Hills, MI, for defendant.

*ORDER GRANTING IN PART AND DE-NYING IN PART PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT AND MOTION TO ENFORCE JUDG-MENT OF DIVORCE*

HACKETT, District Judge.

This case involves an action by Antoinette Czarski, the surviving mother and personal representative of Edward Bonk, deceased, to enforce a divorce judgment entered on July 14, 1994, in Oakland County Circuit Court against defendant Barbara Bonk, decedent's ex-wife. Now before the court is plaintiff's motion for summary judgment and to enforce judgment of divorce. For the following reasons, plaintiff's motion shall be granted in part and denied in part.

## I. *FACTS*

Edward Bonk and defendant Barbara Bonk were married in 1989 and divorced in 1994. Edward Bonk did not retain counsel to represent him in the divorce proceedings and a divorce judgment was entered by default. The divorce judgment, prepared by Barbara Bonk's attorney, provides in relevant part:

### INSURANCE

The rights each party has to the proceeds of policies or contracts of life insurance, endowments or annuities upon the life of the other as a named beneficiary or by assignment during or in anticipation of marriage are extinguished.

### PENSION BENEFITS

Any rights of either party in any pension, annuity or retirement plan benefit of

the other, whether vested or unvested, accumulated or contingent, are extinguished.

## PROPERTY DIVISION

Each party shall keep his or her own personalty and that which has been accumulated by the parties jointly during the marriage shall be divided between them. Each party shall retain his or her own motor vehicle subject to any liens thereon, which he or she shall pay and on which he or she shall hold the other party harmless.

Shares of stock and securities acquired by the defendant during the marriage shall remain his sole and separate property.

During their marriage, Edward Bonk executed beneficiary forms making Barbara Bonk the primary beneficiary on his two life insurance policies and his 401k incentive savings plan. In addition, Edward placed certain stock and security accounts in both parties' names as "joint tenants with right of survivorship," and opened bank accounts in his name, in trust for Barbara Bonk. Edward never executed change of beneficiary forms or removed Barbara Bonk's name from any of the aforementioned property. In September of 1994, Edward Bonk committed suicide.

Subsequently, both Barbara Bonk and Edward's mother claimed entitlement to Edward's assets. The present lawsuit arose on September 28, 1994, when Edward's mother brought a state court action to enforce the divorce judgment. Defendant then removed the case to this court on the basis that federal jurisdiction exists because certain assets in dispute are governed by the Employee Retirement Income Security Act (ERISA). The court now turns to plaintiff's motion for summary judgment.

## II. *STANDARD OF REVIEW*

■ Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

"[T]he standard for determining whether summary judgment is appropriate is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co. Inc.,* 879 F.2d 1304, 1310 (6th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)). The movant must conclusively show "that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be considered in the light most favorable to the party opposing the motion." *Watkins v. Northwestern Ohio Tractor Pullers Ass'n, Inc.,* 630 F.2d 1155, 1158 (6th Cir.1980).

■ If the movant establishes by use of the material specified in Rule 56(c) that he is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 1583, 20 L.Ed.2d 569 (1968). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The non-moving party to a summary judgment motion cannot rest on its pleadings to avoid summary judgment. It must support its claim with some probative evidence. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied,* 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

## III. *DISCUSSION*

Following is a list of the assets in dispute between plaintiff and defendant as the assets existed on the date of Edward Bonk's death:

1. Prudential Life Insurance Policy (ERISA) valued at $26,000. Barbara Bonk is the named beneficiary.

2. Life Insight–Group Universal Life Insurance Plan (ERISA) valued at $1,100. Barbara Bonk is the named beneficiary.

3. An ERISA 401k Incentive Savings Plan valued at $1,971.63. Barbara Bonk is the named beneficiary.

4. Brokerage Account–Roney & Company valued at $12,223.50. Edward Bonk and Barbara Bonk, joint tenants.

5. American Funds Investment Account valued at $4,116.42. Edward Bonk and Barbara Bonk, joint tenants with rights of survivorship.

6. Standard Federal Bank–Savings Account valued at $3,971.62. Edward Bonk, ITF Barbara Bonk.

7. Standard Federal Bank–Checking Account valued at $54.07. Edward Bonk, ITF Barbara Bonk.

8. Payroll and Bonus Funds valued at $644.02. *Barbara Bonk admits that these assets should be awarded to Edward Bonk's estate.*

### A.

As to items 1–3, each of these assets was provided to decedent by virtue of his employment with Bridgestone/Firestone under a multifaceted benefits program, which was covered by ERISA, 29 U.S.C. § 1144. Thus, the court's determination of entitlement to those assets must be based upon ERISA statutory and common law. *See McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir.1990) ("The designation of beneficiaries plainly relates to these ERISA plans, and we see no reason to apply state law on this issue.").

The question presented is whether a divorced spouse, who was designated as the beneficiary prior to divorce, may later recover death benefits in contravention of a default divorce decree in which she explicitly extinguished her right to those benefits. Unfortunately, no ERISA provision exists that defines if and how a plan beneficiary can waive her right to benefits. However, a growing body of federal common law recognizes that a plan beneficiary may effectively waive her right to benefits pursuant to a divorce decree. Where the divorce decree sets forth a clear waiver of a spouse's interest in an ERISA plan, and that waiver is made voluntarily and in good faith, ERISA common law requires that the court enforce the divorce decree. *Brandon v. Travelers Ins. Co.,* 18 F.3d 1321, 1324–25 (5th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995); *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown,* 897 F.2d 275, 282 (7th Cir.), *cert. denied,* 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 41 (1990); *Lyman Lumber Co. v. Hill,* 877 F.2d 692, 693 (8th Cir.1989). This court has previously adopted the rule outlined in *Brandon, Fox Valley* and *Lyman Lumber* because enforcing a waiver provision in a divorce decree satisfies the policies of ERISA and concomitantly affords the requisite respect and finality state court divorce decrees deserve. *Metropolitan Life Ins. Co. v. Barlow,* 884 F.Supp. 1118 (E.D.Mich.1995).

Defendant cites *McMillan v. Parrott,* 913 F.2d 310 (6th Cir.1990), in support of the proposition that a decedent's beneficiary designation controls and supersedes any state law divorce decree to the contrary. That case is distinguishable from the case presently before the court. In *McMillan,* the Sixth Circuit recognized that an ERISA plan beneficiary may waive her right to benefits pursuant to a divorce settlement. *Id.* at 312. To be effective, however, the waiver "must specifically refer to the spouse's rights as beneficiary in an ERISA plan." *Id.* The *McMillan* court found that the broad waiver provision in the divorce decree did not specifically refer to the wife's beneficiary interest in the ERISA plan, and thus, was not an effective waiver. *Id.* There, the provision in the decree merely stated that each spouse relinquished "any and all" claims he or she might have against the other. *Id.* at 311.

Unlike the facts presented in *McMillan,* the divorce decree in this case specifically waived Barbara Bonk's interest in Edward Bonk's life insurance and pension plans. The decree contains provisions which explicitly state that the rights of either party to "the

proceeds of policies or contracts of life insurance, endowments or annuities upon the life of the other as a named beneficiary" and to any "pension, annuity or retirement plan benefit of the other, whether vested or untested, accumulated or contingent" are "extinguished."

Barbara Bonk does not dispute that her waiver of decedent's death benefits was knowing, voluntary, and made in good faith. Instead, she urges the court to consider decedent's intent not to accept his wife's waiver of her right to his death benefits, evidenced by his failure to participate in the divorce proceedings and to remove her name from *any* of the assets in his estate. However, under the circumstances, the divorce decree constitutes a bona fide waiver of Barbara Bonk's right to Edward Bonk's death benefits. Despite decedent's alleged desire that Barbara Bonk remain his beneficiary after the divorce, the focus here is on *Barbara's* intent, and she clearly intended to waive her rights as beneficiary when she had her lawyer draft the divorce judgment. Barbara's waiver took effect at the point her proposed judgment of divorce entered based on the clearly intentional and informed relinquishment of rights contained therein. In order for decedent to "undo" that waiver, he would have had to perform some affirmative act, but he did not. Therefore, this court is bound to carry out the provisions of the divorce judgment; the insurance and pension plan benefits are payable to decedent's mother through decedent's estate.

## B.

■ Next, the court addresses items 4 and 5 above, the Roney stock account and the American Fund Investment account. Subsequent to his father's death in early 1993, and during his marriage, Edward Bonk opened a brokerage account with Roney & Company on May 18, 1993. At that time, Edward purchased mutual funds in the American Funds Group and in 1994 he deposited into the Roney account securities from his father's estate. Edward placed both accounts in his name and Barbara Bonk's name as joint tenants.

The Bonk divorce decree provides: "Shares of stock and securities acquired by the defendant during the marriage shall remain his sole and separate property." Because the stock and securities at issue were acquired by decedent during his marriage, the divorce decree dissolved the joint tenancy on those assets and vested their ownership solely in decedent. Barbara Bonk's argument that "[w]hile the decree provided that the jointly held stock should be transferred from joint ownership to that of Mr. Bonk, it never was—because Mr. Bonk intended the stock to remain as a jointly held asset" is without merit. Mr. Bonk's alleged intent does not provide the court with the authority to disregard the valid judgment of divorce in this case. Therefore, the Roney stock account and the American Fund Investment account are payable to decedent's mother through decedent's estate.

## C.

■ The final assets in dispute are the Standard Federal savings and checking accounts which were entitled "Edward Bonk, In Trust For Barbara Bonk." During his marriage, decedent Edward Bonk opened these discretionary revocable express bank account trusts and executed a written trust agreement naming himself as donor-trustee and Barbara Bonk as the beneficiary. By performing the unequivocal act of signing the trust agreement, decedent manifested his intent to vest *in praesenti* rights to the corpus of the trust in Barbara Bonk. *May v. American Sav. Ass'n,* 46 Mich.App. 668, 675, 208 N.W.2d 619, 623 (1973). Where there is a written trust agreement, the terms of that agreement control the disposition of the trust corpus. *Id.*

In the case at bar, the trusts were completely revocable by decedent who retained the right to make additions and withdrawals during his lifetime. Thus, Barbara Bonk's beneficial interest to the trusts' corpus was expressly conditioned on the absence of revocation by decedent, and plaintiff herein bears the burden to show such revocation or to produce evidence inconsistent with the manifest intent to create the trusts.

Plaintiff argues that the "Insurance" and "Property Division" sections of the divorce decree rendered the funds in the trust accounts decedent's sole and separate property, thereby revoking the trusts. The court disagrees. The accounts were not specifically awarded to either party by virtue of the divorce decree. First, the "Insurance" provision is clearly inapplicable to the trust accounts, which are neither "policies or contracts of life insurance, endowments or annuities upon the life of the other." In addition, under "Property Division," the divorce decree provides: "Each party shall keep his or her own personalty and that which has been accumulated by the parties jointly during the marriage shall be divided between them." Although the trust accounts were personal property, they were neither Barbara or Edward Bonk's *own* property. Nor is it correct to refer to the accounts as accumulated by the parties jointly. Rather, the corpus of the trust accounts was accumulated by Edward Bonk, but when he signed the trust agreement, both parties acquired ownership rights to the funds. The divorce decree's silence and/or uncertainty regarding the entitlement to funds in trust accounts, coupled with the fact that the divorce judgment was obtained by default mandate the conclusion that Edward Bonk did not clearly revoke the trusts. Accordingly, as beneficiary to the trust accounts, Barbara Bonk is entitled to receive the funds in those accounts.

## IV. *CONCLUSION*

For the reasons stated above, plaintiff's motion for summary judgment and to enforce judgment of divorce hereby is GRANTED IN PART AND DENIED IN PART. Plaintiff Antoinette Czarski is entitled to the following assets through decedent's estate: the Prudential Life Insurance Policy benefits; the Life Insight–Group Universal Life Insurance Plan benefits; the 401k Incentive Savings Plan benefits; the Roney & Company account; the American Funds Investment account; and, the payroll and bonus funds. Defendant Barbara Bonk is entitled to the Standard Federal savings and checking accounts.

SO ORDERED.