Brad Gessner, 1200 Mahoning Bank Building, Youngstown, Ohio 44503, for Plaintiff-Appellee.
Charles E. Dunlap, 3855 Starr's Centre Drive, Suite A, Canfield, Ohio 44406, for Defendant-Appellant.
Jennifer M. Pecchio, 73 North Broad Street, Canfield, Ohio 44406, for Defendant-Appellant.
 OPINION
Defendant-appellant, Frank A. Shattuck, appeals a decision of the Mahoning County Court of Common Pleas, Division of Domestic Relations, requiring him to reimburse plaintiff-appellee, Sharr A. McNally, for her spousal support tax liability.
Appellant and appellee were married on August 29, 1980, in Mahoning County, Ohio. The parties had two children during the marriage: Trevor S. Shattuck (D.O.B. 10/18/1982) and Kent A. Shattuck (D.O.B. 05/24/1985)
The parties executed a separation agreement after a petition for dissolution was filed by appellee. A decree of dissolution was granted on April 28, 1995, adopting the separation agreement. Article VII, paragraph 6 of the separation agreement states in relevant part:
 "The spousal support payment shall include an amount necessary to reimburse Wife for any additional tax liability incurred by her as a result of the amount of spousal support being included in her annual gross income. * * * The parties agree for each tax year to have Husband's accountant compute the tax consequences relative to Wife including in her gross income the spousal support and shall make any adjustment necessary with regard to the additional amount of spousal support payable as a result of the inclusion of spousal support in Wife's gross income. If Wife disputes the amount she can hire an accountant at her expense. Husband agrees to pay all accounting expenses with regard to the yearly computation. Husband shall have two weeks to pay to Wife any additional shortfall after she has filed her tax return. Any overpayment shall be paid to Husband within the same two week time frame."
On December 4, 1998, appellee filed a motion for contempt in which she alleged that appellant had failed to comply with the tax liability obligation of the spousal support provision of the separation agreement for tax year 1997. In her motion, appellee alleged that on April 6, 1998, she and her husband filed their taxes for 1997 and incurred a tax liability of over $11,000.00. That same day, appellee sent appellant a letter to appellant advising him that she was due $3,616.00 as reimbursement for the tax liability she suffered as a result of the inclusion of the spousal support in her gross income. The amount in question had been determined by appellee's accountant. Appellant's attorney responded with a letter in which he stated that appellant would not pay any monies until his accountant had calculated the liability. Appellee furnished her tax data to appellant's accountant who arrived at the same figure calculated by appellee's accountant. Despite the agreement of his accountant, appellant continued to refuse to pay the $3,616.00 causing appellee to file the contempt motion.
A hearing was held before a magistrate on appellee's contempt motion on January 12, 1999. Appellant did not deny the non-payment of the tax liability but instead disputed the method by which the $3,616.00 figure was arrived at. Appellant noted that the $3,616.00 figure resulted from appellee filing jointly with her husband and including her spousal support income with his income. Appellant argued that his liability should only be found to be $1,781.00, an amount that would result if appellee had filed as a "Married Person Filing Separately."
On January 20, 1999, the magistrate issued a decision ordering appellant to pay the $3,616.00, representing appellee's tax liability incurred while filing her taxes jointly with her current husband. Appellant filed objections to the magistrate's decision and a hearing was held before the trial court on March 15, 1999. On March 18, 1999, the trial court issued a decision overruling appellant's objections and adopting the decision of the magistrate. This appeal followed.
It should be noted at the outset that appellant has failed to comply with Local App.R. IV(2), which requires appellant to attach to his brief a copy of the decision appealed from.[1]
Although failure to comply with the appellate rules is failure to prosecute for which dismissal may be entered sua sponte, the court may nonetheless decline to dismiss on procedural grounds and proceed to address the merits of this appeal. See Gallagherv. Messer (June 7, 1991), Morrow App. No. CA-743, unreported, 1991 WL 115982 at *1.
Appellant's sole assignment of error states:
 "The trial court erred in combining the annual gross income of appellee and her husband and subsequently holding appellant liable for taxes incurred on both incomes."
As in the proceedings below, appellant makes two contradictory arguments. In one instance, appellant argues that the plain language of the spousal support provision is clear and mandates that appellant's tax liability be based solely on appellee's annual gross income. Appellant notes that at no time does the separation agreement mention appellee's combined gross income in the event of her remarriage.
In contrast, appellant argues that the language of the spousal support provision is ambiguous and that the language should be interpreted so as to give effect to the intention of the parties. Appellant cites to testimony which indicates that at no time was remarriage contemplated or discussed between the parties while executing the separation agreement. Therefore, appellant concludes, it was unreasonable for the magistrate and the trial court to interpret the tax liability clause to define appellee's gross income to include that of an indefinite and non-existent new husband's income.
Where a disputed clause in a separation agreement is subject to more than one interpretation, that is, is ambiguous, the trial court has broad discretion in clarifying the ambiguous language by considering not only intent of parties but also the equities involved. Weller v. Weller (1996), 115 Ohio App.3d 173, 179. See,also, Robinson v. Rodi (1998), 129 Ohio App.3d 550, 554. An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion. Bond v. Bond
(1990), 69 Ohio App.3d 225, 228. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
In In re Marriage of Seders (1987), 42 Ohio App.3d 155, the court found that where a provision in a separation agreement could be interpreted in at least two different ways, the trial court did not abuse its discretion in adopting one of the parties' interpretation over the other when the trial court had the benefit of the transcript of the referee's hearing, the report of the referee, the objections of the appellant, and the brief in response to the objections.
In this case, the magistrate's decision and the trial court's adoption of it was not an abuse of discretion. Appellant focuses on that portion of the spousal support language that refers to the tax liability incurred by appellee as a result of the spousal support being included in "her annual gross income." However, the preceding language of that same clause cannot be ignored which states that "[t]he spousal support payment shall include any amount necessary to reimburse Wife for any additional taxliability incurred by her as a result of the amount of spousal support being included in her annual gross income." (Emphasis added.). The language could be interpreted so that appellee was free to file jointly with her husband. As the magistrate observed, remarriage of the parties is not an uncommon or unexpected event in the post-divorce world. In this case, remarriage could likely be anticipated by both parties, since each remarried within months of the decree being signed.
Contrary to appellant's assertion, there was testimony presented that the parties had contemplated remarriage. Furthermore, there was testimony that appellant and his accountant suggested the tax liability language in order for appellant to obtain a tax benefit.
In sum, the spousal support provision is open to several equally plausible interpretations. Given our highly deferential standard of review, we cannot say that the interpretation chosen by the trial court was an abuse of discretion. The court's decision was supported by evidence and nothing in the record indicates that the court's interpretation of the spousal support provision was unreasonable, arbitrary, or unconscionable.
Accordingly, we find that appellant's sole assignment of error is without merit and is overruled. The judgment of the trial court is hereby affirmed.
Cox, J., dissents; see dissenting opinion, Waite, J., concurs.
 ___________________ GENE DONOFRIO JUDGE
[1] Local App.R. IV(2) states:
 "In the event that the trial court has filed or rendered an opinion, findings of fact and conclusions of law or memorandum expressing the rationale of its decision, a copy of such opinion, findings of fact and conclusions of law or memorandum shall be attached as an appendix to the appellant's brief." (Emphasis added.)