**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-60301
Summary Calendar**

_____

**ALLSTATE LIFE INSURANCE COMPANY,**

**Plaintiff,**

**versus**

**ANDREA SAUCIER, ET AL,**

**Defendants,**

**ANDREA SAUCIER,**

**Defendant-Appellee,**

**versus**

**STEVEN GIL FEDT ESTATE,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(01-CV-376)
_____

October 21, 2002
_____

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

The Estate of Steven Gil Fedt (Estate) appeals the district court's grant of Saucier's motion for summary judgment and its consequent rejection of the Estate's motion for summary judgment. On appeal, the Estate makes two contentions. We reject both contentions and affirm the decision of the district court.

First, the Estate contends that Saucier waived her right to proceeds under Fedt's Allstate insurance policy in a property settlement agreement executed between Saucier and Fedt in connection with their divorce. Second, the Estate contends that the final judgment of divorce and property settlement agreement bar Saucier from asserting a claim to the insurance policy proceeds under the doctrines of collateral estoppel and res judicata. This court reviews the district court's grant of summary judgment de novo, Mowbray v. Cameron County, 274 F.3d 269, 278 (5th Cir. 2001), and may affirm the grant of summary judgment on any ground supported by the record, McGruder v. Will, 204 F.3d 220, 222 (5th Cir. 2000).

In July, 1999, Fedt purchased a $500,000 life insurance policy from Allstate, naming Saucier as the primary beneficiary. In October 1999, Fedt and Saucier married, then separated in May 2000. Following their final separation, Fedt designated Andrea Fedt, now Andrea Saucier, as the sole beneficiary of his Allstate insurance policy. Upon their divorce in September 2000, the final judgment of divorce incorporated a separation and property

2

settlement agreement, which provided in part that each party "relinquish any claim that they might now have, or may have in the future, against any . . . accounts, funds or securities now held in the name of the other . . . ." After the divorce, Saucier remained the sole beneficiary on Fedt's Allstate insurance policy. The policy states, "Unless changed, the beneficiary named in the application is the payee to whom we will pay the death benefit." (R. 12).

Saucier did not waive her right in the property settlement agreement to proceeds under the Allstate insurance policy, and the doctrines of res judicata and collateral estoppel do not bar her from asserting a claim to such proceeds. Under Mississippi law, general contract rules apply in construing post-nuptial agreements, and such agreements must be considered as a whole in determining the intent of the parties. Roberts v. Roberts, 381 So. 2d 1333, 1335 (Miss. 1980). In this case, the Fedt-Saucier property settlement agreement cannot reasonably be interpreted to cover the proceeds of the insurance policy. The agreement specifically identifies separate ownership of valuable assets such as a house and car but does not mention the insurance policy. Furthermore, proceeds from the life insurance policy cannot reasonably be considered funds held by Fedt or funds that would ever come into his possession.

3

The Estate cites three cases from this Court to establish that former spouses may waive their right in divorce decrees to life insurance policy proceeds, but these cases deal with insurance policies covered by ERISA and federal common law.  See Manning v. Hayes, 212 F.3d 866 (5th Cir. 2000); Clift v. Connecticut Gen. Life Ins. Co., 210 F.3d 268 (5th Cir. 2000); Brandon v. Travelers Ins. Co., 18 F.3d 1321 (5th Cir. 1994).  Furthermore, this Court found valid waivers in Clift and Brandon only when there was specific language in the divorce decrees regarding the insurance policies. In this case, the language of the property settlement agreement between Fedt and Saucier would not lead a reasonable person to "under[stand] that she was waiving her beneficiary interest in the life insurance policy at issue."  Clift, 210 F.3d at 271-72.

Since there are no issues of material fact that preclude the  entry of summary judgment in Saucier's favor, we affirm the district court's judgment.

**AFFIRMED.**