LYMAN LUMBER COMPANY, Appellee,

v.

E. John HILL, Cassie Hill and Seth Hill, Appellants.

No. 88-5293.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1989.

Decided June 14, 1989.

John W. Zweber, Roseville, Minn., for appellants.

James E. Bowlus, Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

On April 18, 1978, Jeffrey Hill designated his wife, Colleen, as his primary beneficiary under the Lyman Lumber and Affiliated Companies Profit Sharing Plan (Plan). He named as contingent beneficiaries his parents, E. John and Cassie Hill, and his brother, Seth Hill. Jeffrey and Colleen were divorced on June 20, 1983. The divorce decree stated that Jeffrey "shall have as his own, free of any interest of [Colleen], his interest in the profit-sharing plan of his employer * * *." Jeffrey died on December 15, 1984, without having changed his Plan beneficiary designation after the divorce.

On July 3, 1986, the Plan trustees informed Colleen that they had decided to distribute the Plan benefits to the contingent beneficiaries. They advised her that she could appeal the decision and asked her to indicate whether she accepted the trustees' determination that she was not entitled to the Plan benefits. On July 9, 1986, Colleen indicated that she accepted the trustees' determination. On October 10, 1986, before the trustees distributed the benefits, Colleen revoked her waiver of rights to the benefits. Faced with conflicting claims, the trustees were uncertain as to the proper party or parties to whom the benefits should be paid. They therefore filed an interpleader action in the district court and deposited the benefits with the court.

The district court[1] found that Colleen's waiver was not knowing and voluntary and therefore was without effect. The court then held that the relevant language in the decree did not revoke the beneficiary designation to Colleen. Accordingly, the district court awarded the Plan benefits to Colleen. The contingent beneficiaries appeal this portion of the district court's decision. We affirm.

The Plan is an employee benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (ERISA). *See* 29 U.S.C. § 1002(2)(A), (3).

None of ERISA's express provisions addresses the issue presented in this case. We therefore must ascertain the proper federal common law principles that should govern. *Anderson v. John Morrell & Co.,* 830 F.2d 872, 877 (8th Cir.1987). In fashioning a body of federal common law, we may look to state law for guidance. *See Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448, 457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1502 (9th Cir.1985).

Under the Plan, each participant may name the beneficiaries who will receive the remainder of his vested account balances upon his death. Plan § 12.01. In the closely analogous area of law involving a former spouse's right to recover life insurance benefits, the general rule is that a divorce does not affect a beneficiary designation in a life insurance policy. *See Fox Valley and Vicinity Constr. Wkrs. Pension Fund v. Brown,* 684 F.Supp. 185, 188 (N.D.Ill.1988) (*Fox Valley*). The spouse's beneficiary interest can be divested, however, pursuant to a property settlement in a divorce judgment. *Id.* A number of courts have held that the spouse's rights as a beneficiary are extinguished only by terms specifically divesting the spouse's rights as a beneficiary under the policy or plan. *See, e.g., id.* (applying federal common law); *Prudential Ins. Co. of America v. Cooper,* 666 F.Supp. 190, 192 (D.Idaho 1987) (applying Idaho law), *aff'd,* 859 F.2d 154 (9th Cir.1988); *Lincoln Nat'l Life Ins. Co. v. Blight,* 399 F.Supp. 513, 515 (E.D.Pa. 1975) (applying Pennsylvania law), *aff'd,* 538 F.2d 319, 322 (3d Cir.1976); *Keeton v. Cherry,* 728 S.W.2d 694, 697 (Mo.Ct.App. 1987); *Haley v. Schleis,* 97 N.M. 561, 562, 642 P.2d 164, 165 (1982).

Applying those principles to this case, we conclude that the divorce decree did not divest Colleen of her beneficiary interest in the Plan proceeds. The decree gave Jeffrey his entire interest in the Plan free of any interest of Colleen. It did not, how-

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

ever, specifically refer to and modify the beneficiary interest. *See, e.g., Lincoln National Life Ins. Co.,* 399 F.Supp. at 515–16; *National W. Life Ins. Co. v. Schmeh,* 749 P.2d 974, 976 (Colo.Ct.App.1987); *cf. Fox Valley,* 684 F.Supp. at 188 (interpreting settlement agreement as specifically modifying beneficiary interest); *Keeton,* 728 S.W.2d at 697 (same). The divorce decree thus did not revoke the beneficiary designation, and Colleen is entitled to the Plan benefits.

The district court's judgment is affirmed.