Diana Weaver, et al. v. Patsy Keen 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-305-CV

Â Â Â Â Â DIANA WEAVER,
Â Â Â Â Â INDEPENDENT EXECUTRIX OF THE
Â Â Â Â Â ESTATE OF FRANCIS J. WEAVER,
Â Â Â Â Â AND RITA MARIE WILSON WEAVER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â PATSY KEEN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 4
Dallas County, Texas
Trial Court # 97-05343-D
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
OPINION DENYING MOTION FOR REHEARING
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On January 10, 2001, we determined that the Texas redesignation statute, applied as federal
common law, prevents a former spouse from receiving ERISA-qualified pension plan benefits,
absent one of its exceptions. Weaver v. Keen, 2001 WL 25718, at *6 (Tex. App.âWaco Jan. 10,
2001, no pet. h.). Having determined that the trial court erred in making a contrary finding, we
reversed the judgment and remanded for further proceedings. Id.
Â Â Â Â Â Â On rehearing, Keen requested that we defer our decision pending the United States Supreme
Courtâs disposition of Egelhoff v. Egelhoff, which addresses similar issues. The United States
Supreme Court has since issued Egelhoff v. Egelhoff, ___ U.S. ___, 121 S.Ct. 1322, ___ L.Ed.2d
___, 2001 WL 273198 (March 21, 2001). We find that it does not affect the analysis applicable
to this case.
Â Â Â Â Â Â The only issue in Egelhoff was whether ERISA


 preempts a Washington statute providing that
the designation of a spouse as the beneficiary of an employee benefit plan is revoked automatically
upon divorce. Id. at *4. The Supreme Court held that it does. Id. at *5. The Court reasoned
that giving effect to state statutes that purport to revoke beneficiary designations would require
plan administrators âto master the relevant laws of 50 Statesâ and would make uniform national
plan administration impossible. Id. Similarly, our opinion stated that federal law, not section
9.302 of the Texas Family Code, determined who was entitled to proceeds of an employee benefit
plan. Weaver, 2001 WL 25718, at *3. Thus, our conclusion that federal law controls is supported
by Egelhoff.
Â Â Â Â Â Â Having established that our state law is preempted, we next determined the applicable federal
law which governed the resolution of the dispute. Id. In making this determination, we looked
âto either the statutory language [of ERISA] or, finding no answer there, to federal common lawâ
which âmay draw guidance from analogous state law.â Id. (citing Brandon v. Travelers Ins. Co.,
18 F.3d 1321, 1325 (5th Cir. 1994)). There is presently a circuit split on this issue. Id. (citing
Manning v. Hayes, 212 F.3d 866, 870 (5th Cir. 2000), cert. denied, ___ U.S. ___, 121 S.Ct.
1401, ___ L.Ed.2d ___, 2001 WL 285802 (March 26, 2001)).
Â Â Â Â Â Â We agreed with the majority approach that ERISA does not expressly address whether a
former spouse designated as the primary beneficiary of an ERISA-qualified pension plan is entitled
to the proceeds under that plan. Id. at *5 (citing Brandon, 18 F.3d at 1326; Fox Valley & Vicinity
Const. Workers Pension Fund v. Brown, 897 F.2d 275, 278 (7th Cir. 1990); Lyman Lumber Co.
v. Hill, 877 F.2d 692, 693 (8th Cir. 1989); Emmens v. Johnson, 923 S.W.2d 705, 712 (Tex.
App.âHouston [1st Dist.] 1996, writ denied)). We held, then, that the issue is governed by
federal common law. Id.
Â Â Â Â Â Â At least three federal courts have concluded that under federal common law the designated
beneficiary can waive rights to plan proceeds. Brandon, 18 F.3d at 1327; Fox Valley, 897 F.2d
at 280; Lyman, 877 F.2d at 693. In Brandon, the Fifth Circuit examined federal common law to
determine whether a spouse designated during marriage as an ERISA beneficiary of a life
insurance policy waived her benefits in an agreed divorce decree. Brandon, 18 F.3d at 1324. The
court followed the approach of the Eighth and Seventh Circuits and looked to state law for
guidance. Id. at 1326-27 (citing Fox Valley, 897 F.2d at 280-81; Lyman, 877 F.2d at 693).
Â Â Â Â Â Â Accordingly, the court adopted section 9.302


 as a matter of federal common law, construing
it to create a presumption of waiver absent redesignation following divorce. Id. at 1326. 
However, the court modified that federal common law by adding a requirement that âany waiver
be voluntary and in good faith.â Id. The Fifth Circuit recently reaffirmed this rule in Manning. 
Manning, 212 F.3d at 871. On March 26, 2001, five days after Egelhoff was issued, the United
States Supreme Court denied the petition for writ of certiorari in Manning. Manning v. Hayes,
___ U.S. ___, 121 S.Ct. 1401, ___ L.Ed.2d ___, 2001 WL 285802 (March 26, 2001)).
Â Â Â Â Â Â The First Court of Appeals also analyzed the issue in this case as it relates to profit sharing
plans. Emmens, 923 S.W.2d at 707. Emmens similarly involved a beneficiary designation of a
former spouse which was not changed following a divorce. Id. In determining applicable federal
common law, the court determined that Brandonâs approach was incorrect because âthe waiver
issue [is] irrelevant[.]â Id. at 710. The court also disagreed with Brandonâs characterization of
section 9.302 as creating a presumption of waiver, reasoning that it simply nullifies the
designation. Id. The court then adopted the rule of section 9.302, without modification, as
federal common law on the issue and held that divorce automatically terminated a former spouseâs
designation as the primary beneficiary under an ERISA plan. Id. at 712.
Â Â Â Â Â Â Accordingly, although we were guided by the Fifth Circuitâs approach, ultimately we adopted
our sister courtâs approach. Weaver, 2001 WL 25718, at *6. That is, we adopted section 9.302,
without modification, as federal common law on the issue and held that divorce automatically
terminated a former spouseâs designation as the primary beneficiary under an ERISA plan. Id. 
As a result, we found that the Texas redesignation statute, applied as federal common law,
prevents a former spouse from receiving ERISA-qualified pension plan benefits, absent one of its
exceptions. Id.
Â Â Â Â Â Â Because our approach was the same as the Fifth Circuitâs approach in Manning, absent the
modification, and because the United States Supreme Court has recently denied the petition for
writ of certiorari in Manning, we continue to believe that our original disposition of this case was
correct. Furthermore, as we stated in our original opinion, even under the Fifth Circuitâs
approach, we believe the record demonstrates that Patsyâs âwaiverâ was voluntary and made in
good faith. Id. at *5. Thus, Manning would also prevent her from receiving the proceeds. 
Manning, 212 F.3d at 871.
Â Â Â Â Â Â For these reasons, we deny the motion for rehearing.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Motion for rehearing denied
Opinion delivered and filed April 18, 2001
Publish



nt-family:"CG Times"'>
Â 

Â 

Â 

Â 

 BILL
VANCE

 Justice

Â 

Before
Chief Justice Gray,

   Justice Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Affirmed

Opinion
delivered and filed March 23, 2005

Do
not publish

[CRPM]