**Jean HEGGY, Appellant,**

v.

**AMERICAN TRADING EMPLOYEE RETIREMENT ACCOUNT PLAN, Catherine Glaze Heggy and Richard H. Heggy, Appellees.**

**No. 14–99–00822–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 9, 2001.

---

Bridget Chapman, John F. Phillips, Houston, for appellants.

Jerald David Mize, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

## OPINION

SEYMORE, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Catherine Glaze Heggy ("Catherine"). The underlying suit involves an interpleader action filed by American Trading Employee Retirement Account Plan ("American") to determine entitlement to pension benefits earned by deceased Robert Heggy ("Robert"). Arguing existence of fact issues and federal preemption, appellant, Jean Heggy ("Jean"), contests the trial court's order directing American to pay all retirement benefits to Catherine.[1] Following appellee's motion for rehearing, we withdraw our previous unpublished opinion of May 17, 2001 and grant appellee's motion for rehearing. We will reverse and remand for further proceedings in the trial court.

### Background

Robert and Jean Heggy purportedly entered into a common law marriage on March 15, 1979. In April of 1984, Robert became employed by American. During his tenure, Robert participated in American's employee retirement plan and ac- crued over $144,000 in benefits. On December 6, 1991, Robert and Jean were ceremonially married while vacationing in Las Vegas. A few months later, around February 10, 1992, Robert retired from American. Robert's marriage to Jean ended in divorce on July 26, 1994. The following year, Robert married Catherine. Robert's second marriage ended when he died on October 31, 1995.

While still employed with American, Robert named Jean as beneficiary for any sums remaining in his retirement account. After marrying Catherine, however, Robert did not remove Jean as beneficiary. Subsequent to Robert's death, Jean filed pleadings against American seeking to recover her interest as the named beneficiary. Jean alternatively sought to recover her community property interest in death benefits which Robert allegedly concealed during divorce proceedings. Catherine responded by filing a motion for summary judgment seeking, as Robert's surviving spouse, all remaining account benefits. Jean now appeals the trial court's summary judgment in favor of Catherine.

### Summary Judgment Standards For Review

A defendant moving for summary judgment has the burden of establishing that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action and that the defendant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, plaintiff must raise a genuine issue of material fact on the targeted element or elements of his cause of action. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus

---

1. Catherine Heggy did not file an appellee's brief.

Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon*, 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.* When the trial court does not state the grounds for granting the motion, and several grounds are provided, the reviewing court must determine if any of the grounds would support the judgment. *Rogers v. Ricane Enterprises., Inc.,* 772 S.W.2d 76, 79 (Tex.1989). Finally, because the propriety of summary judgment is a question of law, we review the trial court's decision *de novo. Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994).

### Plan Beneficiary

■ In her motion for summary judgment, Catherine contends that Jean, while designated as plan beneficiary, has no right to Richard's pension benefits because she contractually waived any right to such benefits in the divorce decree. In pertinent part, Robert and Jean's divorce decree provides:

> [Robert] is awarded the following as [his] sole and separate property, and [Jean] is hereby divested of all right, title, interest, and claim in and to such property:
>
> . . . .
>
> 4. Any and all sums of cash in the possession of or subject to the sole control of [Robert], including money on account in banks, savings institutions, or other financial institutions, which accounts stand in [Robert's] sole name or from which [Robert] has the sole right to withdraw funds or which are subject to [Robert's] sole control including the Nations Bank account in name of [Robert].

Relying on this language, Catherine argues that Robert's designation of Jean as plan beneficiary must yield to the terms of the divorce decree.

■ We begin by noting that Robert's American Employee Retirement Plan qualifies as an "employee pension benefit plan" as defined by ERISA. 29 U.S.C.A. § 1002(2)(A) (West 1999). Section 1144 of ERISA provides that its provisions supersede any and all state laws "insofar as they relate to any employee benefit plan." *Id.* § 1144(a). A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Brandon v. Travelers Ins. Co.,* 18 F.3d 1321, 1325 (5th Cir.1994) (citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). Regarding designation of beneficiaries under an ERISA plan, federal and state courts consistently hold that ERISA preempts application of state law. *See Brandon,* 18 F.3d at 1325; *McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir.1990); *Brown v. Connecticut General Life Ins. Co.,* 934 F.2d 1193, 1195 (11th Cir.1991); *Emmens v. Johnson,* 923 S.W.2d 705, 707 (Tex.App.—Houston [1st Dist.] 1996, writ denied).

Having found that state law does not control, we proceed to the second step in the determination of a party's rights in an ERISA plan and ascertain the law applicable to this dispute. We must identify the applicable provisions of ERISA or, finding no answer there, consider applicable federal common law. *Brandon,* 18 F.3d at 1325; *McMillan,* 913 F.2d at 311. Federal and state courts differ on the issue of whether the provisions of ERISA or federal common law controls designation of beneficiaries for plan benefits. *McMillan,* 913 F.2d at 311.

The Sixth Circuit has concluded that ERISA exclusively controls designation of beneficiaries for plan benefits. *McMillan,*

913 F.2d at 311–312. In *McMillan*, the plan participant designated his wife as plan beneficiary of his retirement accounts. *Id.* at 311. Later, when the two divorced, each signed a property settlement agreement relinquishing any and all claims against the other. *Id.* The participant subsequently remarried and, without removing his ex-wife's name as beneficiary, died. *Id.* The trial court later granted the widow's claim, under federal law, for one-half of the benefits, despite the ex-wife being named as the designated beneficiary for the plan. *Id.* Disagreeing, the appellate court reversed judgment and awarded all benefits to the ex-wife as designated beneficiary. *Id.* at 312. In doing so, the *McMillan* court cited an ERISA requirement that "a [plan] fiduciary shall discharge his duties with respect to a plan solely ... in accordance with the documents and instruments governing the plan...." *Id.* at 312; 29 U.S.C.A § 1104(a)(1)(D) (West 1999). In reaching its holding, the *McMillan* court opined that this approach fulfills the Congressional intent "that ERISA plans be uniform in their interpretation, simple in their application", and "allow parties to be certain of their rights and obligations." *McMillan*, 913 F.2d at 312.

As an alternative approach, the Fifth, Seventh, and Eighth Circuits rely on federal common law in order to resolve the question of how beneficiaries are designated under an ERISA plan. *See Brandon*, 18 F.3d at 1326; *Fox Valley & Vicinity Constr. Workers' Pension Fund v. Brown*, 897 F.2d 275, 281–82 (7th Cir.1990); *Lyman Lumber Co. v. Hill*, 877 F.2d 692, 693 (8th Cir.1989). In *Brandon*, the court faced a situation similar to *McMillan*. The plan participant, Richard Brandon, designated his wife as primary beneficiary on a group life insurance policy taken out by his employer. *Brandon*, 18 F.3d at 1322. When the two divorced, the court

issued a decree divesting the wife of any claim to her husband's employment benefits. *Id.* at 1323. Richard Brandon, however, never removed his ex-wife's name as primary beneficiary. *Id.* Upon Richard's death, a dispute arose between Gary Brandon, the contingent beneficiary on the policy, and the deceased's ex-wife, concerning entitlement to insurance proceeds. *Id.* The trial court subsequently rendered judgment for Gary Brandon, holding that the language in the divorce decree took precedence over the plan documents designating Richard's ex-wife as primary plan beneficiary. *Id.*

In reaching this decision, the *Brandon* court drew guidance from Texas Family Code section 9.301 and fashioned a federal common law rule wherein named ERISA beneficiaries may waive, in a divorce decree, their designation of beneficiaries in an ERISA plan. *Brandon*, 18 F.3d at 1326–1327. As justification for resorting to federal common law, the *Brandon* court cited the "long and venerable history" of federal respect for state domestic relations law. *Id.* at 1326.

■ In reaching our decision, we note that we have the option of drawing upon precedents of federal circuit courts; however, we are obligated to follow only the Texas and United States Supreme Courts. *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex.1993); *Mohamed v. Exxon Corp.*, 796 S.W.2d 751, 753–54 (Tex. App.—Houston [14th Dist.] 1990, writ denied). We believe that the approach taken in *McMillan* comports more perfectly with Congress's intent that ERISA plans be simple in their application and uniform in interpretation. *McMillan*, 913 F.2d at 312. Like the *McMillan* court, we believe that such a holding allows parties to be certain of their rights and obligations. *Id.* Indeed, it is for this reason that ERISA

plans are to be administered according to their controlling documents. *Id.* Moreover, if the designation on file controls, plan administrators and courts need only look to plan documents to determine the beneficiary, thus avoiding needless and expensive litigation as has occurred in the case before us.

Finally, our approach is supported by the United States Supreme Court's recent decision in *Egelhoff v. Egelhoff ex rel. Breiner.* 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). In *Egelhoff*, petitioner Donna Egelhoff was married to David Egelhoff. *Id.* at 1326. During the course of their marriage, Egelhoff designated her as the beneficiary to an ERISA governed life insurance policy provided by his employer. *Id.* Petitioner and Egelhoff later divorced. *Id.* Two months later, Egelhoff died intestate without having changed the beneficiary designation to the aforementioned life insurance policy. *Id.* After the plan administrator paid Egelhoff's life insurance proceeds to his ex-wife as beneficiary, Egelhoff's children brought suit under Washington state law to recover the proceeds.² *Id.*

Applying ERISA preemption, the trial court granted summary judgment for Egelhoff's ex-wife. *Id.* The Washington Court of Appeals subsequently reversed the trial court's judgment, concluding that ERISA did not preempt the Washington statute, with the state's high court affirming the appellate court's ruling. *Id.* On petition for certiorari, the United States Supreme Court reversed, citing a need for uniformity and simplicity of plan administration. *Id.* at 1328–29. The *Egelhoff* Court also addressed the argument, relied on by the Fifth Circuit in *Brandon*, that family and probate law, being areas of traditional state regulation, fall outside of ERISA preemption. *Id.* at 1330. While the Court recognized that a presumption against pre-emption exists in areas of traditional state regulation such as family law, it reasoned that "[this] presumption can be overcome where, as here, Congress has made clear its desire for preemption." *Id.* Such language, we feel, casts doubt on the Fifth Circuit's practice of adopting federal common law for designation of beneficiary issues.

Following the approach taken in *McMillan* and the guidance provided by *Egelhoff*, we hold that ERISA section 1104(a)(1)(D) exclusively controls the designation of plan beneficiaries.³ Accordingly, Jean's purported waiver of Roberts's pension benefits, as provided in the divorce decree, is not effective.

### Construction of Plan Provisions

■ Having found that the trial court's grant of summary judgment is not sup-

---

2. The Washington statute provided as follows:

   If a marriage is dissolved or invalidated, a provision made prior to that event that relates to the payment or transfer at death of the decedent's interest in a nonprobate asset in favor of or granting an interest or power to the decedent's former spouse is revoked. A provision affected by this section must be interpreted, and the nonprobate asset affected passes, as if the former spouse failed to survive the decedent, having died at the time or entry of the decree of dissolution or declaration of invalidity. (citation omitted).

3. We recognize that our holding today conflicts with prior holdings of our sister courts on the same issue. *Emmens v. Johnson*, 923 S.W.2d 705, 712 (Tex.App.—Houston [1st Dist.] 1996, writ denied) (following *Brandon*, with slight modification, and adopting federal common law in the designation of beneficiary issue); *Weaver v. Keen*, 43 S.W.3d 537, 544 (Tex.App.—Waco, 2001) (adopting the holding in *Emmens*). However, because these holdings rely on the Fifth Circuit's reasoning in *Brandon*, and therefore do not properly acknowledge the purposes and scope of ERISA legislation, we respectfully decline to follow them.

ported by Catherine's waiver argument, we turn to a second ground raised in Catherine's motion. Here Catherine argues that Jean is not entitled to the remaining benefits in Richard's retirement account pursuant to the terms governing the account. Specifically, it is her contention that Robert's designation of Jean as beneficiary occurred prior to their divorce; therefore, plan Article 11.3 nullifies this designation. Citing plan Article 12.6(a), appellee contends that she is the plan beneficiary.[4]

Article XI of the plan, entitled "Pre-Retirement Survivor Annuity," applies to "a Participant who is no longer in the employ of an Employer, but who is eligible to receive a deferred vested benefit ... [and who] should die survived by a spouse prior to the date payment of his deferred vested pension commences...." Article 11.3 provides, in pertinent part, that "[a] married Participant's designation of a Beneficiary other than his surviving spouse is not valid unless ... the Participant's surviving spouse has consented in writing to such designation, such consent acknowledges the effect of the designation...."

 Section 19.3 of the plan provides that "the Plan Administrator shall have the following powers, authority, duties, and discretion: (a) to construe and interpret the provisions of the plan...." Where a plan expressly grants the plan administrator discretionary authority to construe its provisions, the administrator's decision is reviewed under an arbitrary and capricious standard. *Gorman v. Life Ins. Co. of North America*, 811 S.W.2d 542, 548

(Tex.1991) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). Barbara Goemmer, the plan administrator for Robert's retirement account, established in her affidavit that the applicable plan provision governing benefit payments in this case was Section 10.4(b). Goemmer based this decision on the fact that Robert had elected a ten-year payout immediately after his divorce from Jean became final. Therefore, under the plain language of the plan, Article XI does not apply because Robert elected his benefit payout prior to the time he married Catherine. Accordingly, we find that Goemmer did not act in an arbitrary and capricious manner and that Robert's previous designation of Jean as beneficiary remained effective.

Because the remaining summary judgment grounds raised in Catherine's motion are based on state law which is preempted by ERISA, we find that Catherine failed to establish entitlement to plan benefits as a matter of law. Pursuant to our holding on the designated beneficiary issue, we reverse the trial court's judgment and remand this case for proceedings consistent with this opinion.

---

4. Article 12.6 provides, in part, that:

[W]ith respect to the rights of surviving spouses, a Participant may ... designate the Beneficiary to receive death benefits under this plan.... If no such designation is on file at the time of the Participant's death, or if all primary and contingent beneficiaries ... predecease Participant, then the Participant shall be conclusively deemed to have designated the following Beneficiaries with priority in the order named: (a) the participant's surviving spouse....